This is case number 182014 Campbell against the United States. Mr. Jakubowski, when you're present. Please the court. Stephen Jakubowski, I represent Callen Campbell, the Chadwick family, the Johnson family. These are people who were severely injured as a result of accidents that they got into pre-petition before the filing of the GM bankruptcy case. Your Honor, I got involved in the case because I believe it was wrong. Whom do you allege was coerced by the government here? The bankruptcy court and the district court? All three because we left out the government, the GM itself. So the coercion was on GM as in requirement that the sale order include an injunction and it was on the district court because the same arguments were made and that was the only issue that was up on appeal. Where in the complaint do you allege that GM was coerced, old GM was coerced by the government? In connection with the board meeting, Your Honor. No, but I mean where? What paragraph? Because I didn't see that it was very clear from the complaint that any such allegation was made. You do allege that the district court and the bankruptcy court were coerced but I'm not clear that you actually made an allegation that old GM was coerced. I agree with you, Your Honor. It's not as clear as it should be and were this case to be remanded, I would certainly ask for the opportunity not only to file the second amended complaint which I think is critical to the jurisdictional points but also to add and make it clear that the government told GM and you can certainly infer it from a number of the paragraphs in terms of getting rid of Wagner, putting in Henderson, telling Henderson what they were going to do and basically saying you're going to file bankruptcy or we are cutting off the funding. So Steve Rantner in the complaints described it in his book as a financial equivalent of the bankruptcy judge and GM. Well, but to the extent that the allegations are that the bankruptcy judge was coerced or the district court was coerced, how is that something over which the Court of Federal Claims has jurisdiction? Because our Alistair and whole run of cases after that have said that if you're complaining about improper action or action by a federal court, you have to exhaust your remedies by going through the regular court system and raising your complaint about a taking in that context which you started to do with the district court held that you didn't do it properly because you didn't ask for a stay and you ultimately got dismissed in this book. So, how is it that with respect to allegations that the bankruptcy court and the district court acted improperly or coerced? Why isn't that something that our cases has to be taken through the federal court system, the bankruptcy court, the district court, the Court of Appeals rather than as a takings claim in the Court of Federal Claims? The reason is your decision, the panel's decision in A&D Auto. Because A&D Auto made it very clear that when the government conditions the financial assistance on a third party taking away property rights, then that can be, if coercive, a taking. Yeah, but the bankruptcy court is not a third party. Well, in a way it is because representations are being made to it and GM was conditioning the deal upon a provision in the sale order that said it's free and clear. And so the argument and the facts are that the government didn't care and was financially indifferent to that issue, but it was telling the court that it wasn't going to close and in fact it wouldn't have closed. I think it probably, even if it wouldn't have closed. But the fact is that they were indifferent to the result. And so when you force a judge to sign something because what judge is going to risk the national economy on this, which is what Judge Gerber said he was doing, who's going to do that? They're going to sign it and ultimately, and so then you say, okay, well why didn't you continue the appeal? Where did it go? Okay, well here's where the appeal went. This is why the trial court is so wrong. Because the four days between July 5th and July 9th was not some four-day interlude, as she called it. I went back and looked at my time. I had 26 hours in the first two days after the decision came down. And to say that my clients were sufficiently convinced that the order was going effective, that there was nothing that could be done, couldn't be farther from the truth. My clients had really no idea other than what I told them. And I represent a putative class of anybody who stands in their shoes. But your position now is that the bankruptcy court didn't have authority to enter this order under Section 363. No, that's what I argued to the district court because I did take the appeal. And in fact, Judge Kaplan heard me on July 9th by videoconference from Chicago and put my name in the opinion as having an appearance. But it was the day before. I wasn't a member of the New York Bar and the federal court. There was no way I could use the resources. But the asbestos claims were making the exact same point we were. Which is, you can't get rid of these successor liability claims because we were saying they're not property interests, they're claims. The judge said, no, they are property interests. And now we're saying, well, that's judicial asylum. How can the government have argued that these are property interests? You seem to be addressing a different point than the one I was asking about. Your position is, and you talk about a potential conflict in the circuits. As I understand it, your position is that 363 doesn't authorize the bankruptcy court to enjoin these successor liability claims. I apologize, Your Honor. I made that argument. And the day before my oral argument, Espinoza came down. Espinoza was a Supreme Court case that basically said Rule 60 before is not a jurisdictional. It is a rule. And the court had, and even though the plan was improperly entered, Rule 60 before doesn't take away the jurisdiction of the court to enter that order in the first place. So they had the right to enter the order. But what got me so... Section 363, in your view now, does authorize a bankruptcy court to enjoin successor liability claims. Yes, of course it does. That was the whole point of the government's position. That they have the right to do. We're a commercial buyer. And you agree with that? Yes, we're a commercial buyer. They have the right. But the question is, and the question written in A&D is, just because it's a 363 sale doesn't mean that it's not a taking. And that's why I brought this case. Tell us when the claim accrued. So the claim accrued on July 10. And I think that couldn't be clearer from all the precedent. The problem with the trial court is she took the coercion language and somehow made the statute of limitations tied to coercion when you said in A&D that coercion is a necessary but not a sufficient condition. So something else is necessary. And what's that else? Well, Francona makes it very clear. There has to be a loss. It's almost like double entry bookkeeping. You have to have a taking. You have to have a loss. They have to occur together. And so when did the loss occur? And Turney couldn't make it any clearer. Turney says, and I quote, it's when they officially took possession. Well, that's a physical statement. But I don't agree with that it was physical. Because it was the government giving an order to the Philippines to do something. And then they came in and took possession. And everybody said, okay, but how was that any different than when the coercion was not physical? The taking was physical because they took the equipment. But so what does it matter according to Horn if it's physical or not physical? If you have a right and you've lost it, you're entitled to compensation. So let's, if I could, I'd like to talk about the right a little bit. The trial court said that the right is so highly contingent because it is the product of two discretionary acts, which are basically one discretionary act, which is the bailout. But for the bailout, you'd have nothing. That's her claim, I think. That's the way I read it. And my answer to that is, how can you say that there's no property interest in a successor liability claim? And what we were arguing about and what we were going back and forth on on the standing issue, below, I don't know, appendix 952, I think it's around 952 to 1007, there was a whole series of briefing on standing. And the question was, what is this cognizable property interest you're bringing? So we said, well, it's a cause of action. Causes of action can come in all different shapes and sizes. Some are entitlement causes of action. Some are real causes of action. Which is yours? And while yours is so contingent upon a bailout, it's nothing. But that's your but-for analysis for loss causation applied to the existence of the property right. And so we went, so we said, well, it has to protect something. It can't just protect your right to an entitlement. It can't have some unexpected benefit that you talked about. No, it has to protect my life. I visited my parents' gravesite yesterday. They rested in peace. And that land is the only land that matters. And the only time it matters is when you don't have your life. These people's lives were at stake. That's more important than any land, than any personal property, than anything out there. And so to take away the right that is inherent in your injury to go after alter egos, to go after successors, to go after anybody who's trying to hide behind a corporate fiction and pursue and say that they're not responsible doesn't work. All right. There is a good deal of strength to what you say. Thank you. But of concern is the path of remedy. Isn't the path then through the district court and the regional circuit the standard path for appeal of bankruptcy rulings? I don't think it is, Your Honor, because as was said in A&E, and that is what caused me to file this complaint, is that 363 doesn't adhere in these claims. Just like 365, the executory contract section, that didn't adhere in the dealer's claims. So they have a taking. 363 doesn't matter. If they're doing it in a proprietary capacity and if they're acting in a coercive manner, then you may have a case. And what was the coercion in that case? So the judge, the trial court says, well, we're following A&D. Well, A&D didn't say anything about coercion. So would your argument be the same if the bailout had been not the government but some private entity? No, of course not. When you say would my answer be the same, in other words... So what changes the well-established path of appeal of bankruptcy rulings? Because this court has said that the fact that something is permissible under law in bankruptcy doesn't mean that it's not a taking. That's it. We also have cases that say if the taking is an action by federal court, that your remedy is to go up on appeal and challenge that ruling. But I'm not saying that it's a judicial taking. It's not a judicial taking. That's where the cases go. It's close to it in the sense that you're saying that the bankruptcy court was coerced by the government. So it is an action of the bankruptcy court, which is in question. I think the difficulty with that analysis is that in the judicial takings cases, they looked at the statute and they said, did the court, by following the law, effectuate a judicial taking? There were exemption cases. And there was a bankruptcy case on a judicial taking case. And the question was, does enforcement constitute a taking? And the answer was no. Excuse me, the answer was yes. The answer was no, it does not constitute a judicial taking. But that's not what you're talking about. Here you're talking about a coercive act by the government where they're just going too far in the context of a financial bailout. These are unique circumstances. Is your point that the government effected a taking or the bankruptcy court effected a taking? The government effected a taking because who benefited from it? The judge doesn't benefit from a taking. So the idea of a judicial taking doesn't make sense because the bench isn't benefiting from this. But here the government did benefit. They got a dollar for dollar benefit. Because unlike every other claim, the dealer claim, the bond claims, there were no other claims that had successor liability rights the way this transaction was structured, other than the products claims. They were targeted. These were the politically sensitive liabilities. We may take it, we may not. When they went to the board, when the government went to the board in, I have 30 seconds left, when the government went to the board in May 29th and said, prove this deal. Chrysler hadn't been decided by the second circuit yet. They didn't know what was going to happen. And so they said, this has got to be done. It's got to be done in 40 days. Steve Ratner said, it's the financial equivalent of holding the gun to the head of the court. That's what he said. And that's what the complaint says. It's the financial equivalent of holding the, that's economic dragooning. That's what Sebelius says. When the government engages that conduct, I don't care who it is. And that's what your case says. And that's why I think, Your Honor, the matter should be overturned. And if I could just save my time for rebuttal, I'd appreciate it. Let's hear from the other side, and we'll save you rebuttal time. Thank you. Mr. Toder. Thank you. May it please the court. The question, plaintiff's appeal poses, the court's decision was based on two grounds. One was- Well, that's a jurisdictional question. Okay. That their remedy was to appeal the bankruptcy court order to the district court, and then the Second Circuit, and so on and so forth. And that our cases suggest that where the taking is alleged to result from an action by a federal court, that the court of federal claims doesn't have jurisdiction. That your remedy is within the court system to appeal. Yes, and the court recognized that, especially this court's decision in Alice Tiart, that a judicial taking theory that would involve review of the bankruptcy court, this court doesn't do that. The court said that the only plausible set of facts that could be discerned from plaintiff's complaints and numerous attempts to recast their claim was based on coercion of third parties per this court's decision in A&D Auto Sales. And the court ruled that the only allegedly coercive action would have been toward GM. The court also said the bankruptcy court would think it could only be toward GM under the A&D Auto Sales framework. But since the bankruptcy court sale order was entered on July 5th of 2009, by definition, any coercive act by the government, especially with regard to GM. I don't think you're addressing my question. Does that line of case Alice Tiart apply here so that there's a jurisdictional question as to whether the court of federal claims has jurisdiction over a claim of coercion of the bankruptcy court? If the claim were deemed coercion of the bankruptcy court, then yes. If the claim is coercion of GM, it would be interpreted under the A&D Auto Sales framework. But in here the question is when did the alleged coercion occur? Well, did they allege coercion of GM or just allege coercion of the bankruptcy court? The court concluded based on reading the complaints, the court said it's not bound by the exact words of the complaint. The only plausible set of facts based on the complaint over which the court would have jurisdiction, i.e. not a judicial taking under Alice Tiart, would be under the A&D Auto Sales coercion of GM scenario. But did they allege that in the complaint? Assuming versus an argument that they sufficiently alleged that. But the question is did they? What's the government's position? Did they sufficiently allege coercion of GM in the complaint or didn't they? We believe that it does, but it does so in a way that it makes clear that the events occurred prior to July 5th. Just now an oral argument. Okay, so you agree that the complaint alleges coercion of GM. Yes, as a third party under the A&D Auto Sales framework. However, the timing of that is crucial. So plaintiffs just said at oral argument, well, look what happened on May 29th, 2009, there was a GM board meeting. That's well prior to July 5th. The hearing of the Bankruptcy Court between June 29th and July 2nd, 2009. Again, well prior to July 5th. Any alleged arm twisting of GM had to have occurred before GM submitted the 363 sale proposal to the Bankruptcy Court and before it was approved. Was that a motion by old GM? Our understanding is GM would put up the 363 sale as the debtor, and then that had to be approved by the Bankruptcy Court. And then the government and other pressures did that. Who asked for the injunction? I believe the 363 sale order was the result of GM submitting the 363 sale proposal, but it would be on the Bankruptcy Court docket in terms of who was moving for what. But in terms of the 363 sale, one of those was under 363F, certain interests in property for purposes of the Bankruptcy Code, including plaintiff's personal injury claim were excluded as for the purposes of being successor liability claims against the new GM. Again, all of those decisions happened prior to the Bankruptcy Court approving the sale. I think they admit that, that the coercion occurred earlier, but they say that the damage wasn't felt until the order became final. So in terms of that, there's reasons why that's incorrect. So one, what is the government action alleged to have resulted in the taking? It was alleged coercion of the third party, GM. That had to have happened prior to the taking. Then they're saying, well, there has to be an economic impact. Well, the district court entered the sale order. That said, okay, there's a contract now, new GM, old GM. That's going to change your legal relations. That gave them sufficient basis to file an appeal. So there's some view that the legal relations had changed as of July 5th since they were permitted to file an appeal. Furthermore, if you were looking at the economic value of what their claims would be expected to be worth, after that sale order was entered, one would expect, you know, if there were a fictional futures market in their claims, the value would have gone down quite a bit. They're telling us that they could have actually filed suit in that four-day period, filed this suit against the United States. Okay. Without being told that, well, your claim isn't ripe and all of the other things that hadn't yet come to pass? There would be a question of how, you know, what the concreteness of the damages would be. But as the cases we cited show, the one ripeness is prudential concern, but also the exact amount of damages does not to be concrete in order for you to be on sufficient notice that something has happened to you that causes your claim to accrue. So you're saying that they could actually have filed suit against the United States, the takings claim, on July 6th? On July 6th, yes. It might not be thrown out for an unripe, incomplete, we might change our mind, or it's not final, it doesn't come into effect by its own terms. All of the things that are just straightforward and standard in filing a premature suit, you're saying it would not have been premature. Is that your position? The calculation of damages may have had to wait for the exact thing to play out, but that doesn't mean they wouldn't have, their claim not accrued. Would have vested? It would have vested as of July 6th. Would have vested even though the effective date had not yet come to pass? So the, insofar as they were given notice of the government's alleged coercion of a third party, yes. Since that would be the basis for their claim, not the actions of the bankruptcy court and the district court going forward. I haven't heard this position. The government constantly tells us this case wasn't yet ripe. By its terms, it wasn't ripe. And yet you're saying that it could, the suit could have been filed during that period while they were appealing to the district court? For the specific issue of the takings. Now, if later the district court overturned it on appeal, then obviously we would have brought that to the Court of Federal Claims' attention. You're saying if the district court said it was unripe, it would have reversed, withdrawn the claim against the United States? Under the framework the court is describing, I think that's correct, yes. This sounds extraordinary to me. I mean, there are other questions about the passage of six years. But to say that actually an actionable claim had vested before the effective date of the sale is curious. In terms of the specific claim defined by the Court of Federal Claims, which was based on the A&E auto sales framework of alleged coercion of a third party, since the alleged coercion of GM was complete by that point, the economic impact would have been felt by the fact that you had the change in legal relations based on the entry of the sale order. And so you're telling us that while it was still pending before the bankruptcy court and the district court, and whatever the path of appeal might have been from the district court, there was an actionable, a cause of action against the United States because of their leaning so heavily on the terms of the bankruptcy? Based upon the alleged economic coercion of third parties based on the terms of the bankruptcy under the A&E auto sales framework, yes. However, given the way that their claim is defined, that's the only claim that the Court of Federal Claims found to have been plausible based upon the complaints. And in terms of the economic impact of that, that would have been, even though not realized down to the last dollar and cent. In that case, the statute would not have run. Although the cases we cite show that the exact economic calculation does not have to be complete for the claim to have accrued. The case here, the coercion would have had to have happened prior to the sale order, and at least the reasonable notice to plaintiffs that there was an economic impact would have occurred as of the sale order, even if the eventual possibility of appeal, which wasn't going to stop the sale since they didn't ask for a stay, or the closing date had not occurred yet for the five days. If I may turn to the property interest question. The property interest plaintiff's advance here differs from the claim in A&D auto sales, insofar as the claim here was specifically a successor liability claim against the new GM. Why isn't that property? It seems to me it's difficult to argue that that's not a property interest. It is not a property interest because it does not vindicate an underlying real personal or intellectual property claim under Adams, and because it was contingent upon the government's decision in how to structure the assistance in the GM bankruptcy, which the trial court correctly concluded was within the government's discretion. They had these monetary claims for personal injury against old GM, and part of that interest is the right to pursue successor liability, isn't it? Well, one, the court concluded that that could be excluded under Section 363, and because new GM wouldn't have existed at all but for the structuring of the process, the court concluded that it was something that would have adhered in the claim in a way that the A&D auto sales dealer contracts did not have that as a background principle. When you're rejecting the contract, you basically have the breach damages in the bankruptcy court, but then you can't go forward against the new entity. I mean, yeah, I mean, you're correct. I think that the 363 possibility of preclusion was inherent in the right, but the 363 preclusion, the exercise of that authority conceivably could have been a taking, even if it's a right to exclude. Under the A&D auto sales scenario, the court ruled that the contracts in that case were property interests that gave standing. However, they differ from the claims here in that when there are contracts, altered legal relations here, there were unsecured tort claims. Also, the contracts would continue to exist. At the adjunct here, there needed to be the creation of a new entity for those successor liability claims to go to, as opposed to if the bankruptcy GM had been sold to some other entity. It would be a very different question. So that's a difference in a different type of structure that arose only as a function in the 363 sale that differs these property interests from A&D auto. Also, if the court were to conclude that these property interests conferred standing, plaintiffs still haven't answered the question that was posed by this court in A&D auto sales, which was what is the economic loss absent government intervention. Plaintiffs have filed three complaints in this case each time, and we raised the issue of their not pleading loss absent government intervention right up front. They filed three complaints, and each time they go further down the road of saying the government had no choice but to bail out GM. They make no argument and plead no facts all after A&D auto sales was issued to say that their claims would have had some value absent government intervention. They're saying quite the opposite, and the bankruptcy court concluded the opposite. Did you make that argument in a motion to dismiss in this case? Yes, and that was our motion to dismiss. We put that issue up front. And the court of file claims didn't reach that issue? No, it didn't reach it because of the statute of limitations and property interest questions, but plaintiffs certainly have not met their pleading burden on that question. Even if you were to get beyond the statute of limitations and the property interest question, they have not pled economic loss under the framework that was required by this court in A&D auto sales. Was it you who raised the statute of limitations issue, or did the court do that sua sponte? The court did that sua sponte. However, we stated in our pleadings that plaintiffs, as the court's questions have indicated, have given various definitions of what their claim should be. So insofar as their claim was pleading a judicial taking, that would have been past the statute of limitations. We said in our pleading that if what plaintiffs are talking about is coercion of GM along the lines of A&D auto sales, that would be time barred. If they're talking about a judicial taking, that would be time barred, but that has the LSTR and other problems. So we did not file a motion to dismiss based on the statute of limitations question, but we did point out to the court that if the facts are pleading coercion of GM per A&D auto sales, that claim would be time barred. I see that I am running out of time. If the court has any further questions to answer, otherwise, we respectfully request that the court affirm the judgment of the Court of Federal Claims. Okay. Thank you. So the government never argued that the case was time barred. They said to Judge Wolski, who asked them directly, is this case time barred, and it's not. What about the argument they did make? Pardon? That there was injury from the course of action that was taken. In other words, that you would have been worse off if there had been a liquidation. But that's a regulatory taking. The answer in A&D auto was that when they're acting in a proprietary capacity, it can be non-regulatory. So all that but for analysis goes to the issue of a regulatory taking, which that's secondary to the actions here of the government in a proprietary capacity where they made money off of our clients. Because remember, if the reduction of the $200 million that's owed is, let's say, $50 million a year, which is what the evidence was, well, their income goes up by $50 million a year, which means their stock goes up at 60% of that by four times that amount. So they profited at the expense of my clients. This issue was briefed before the Court of Federal Claims? Pardon? This issue was briefed? Yes. Yes. Yeah, absolutely. And as to the property interest, I said I would explain what I thought the property interest was and why the bankruptcy court has basically held that this is a property interest within the meaning of the code and not some claim. Because the difference in bankruptcy is that claims are able to be discharged and a sale can be free and clear in a plan, but it can't be in a sale. That's the whole point of reorganization. It has to be claimed. So they say in a sale, in a 363 sale, it has to be property interest. And they go back to Butner. What's a property interest? It's all the same Supreme Court language of it being state law claims. That's what the property interests are. So I think it's important to keep that in mind. And it's basically the equivalent of what Professor Carlson in 1987 said when 363 sales started to proliferate and you had all these asbestos cases and you had all these mass tort cases where they were trying to get away from the liability. And they said to them, look, 363 with respect to those claims are like an equitable servitude. There's an element of successorship liability that goes with the asset in an equitable way. And so, therefore, they can be extinguished. Now they come in and they say, no, it's just an unsecured tort claim. It has nothing to do. No, they're not unsecured tort claims. These are claims that went with the property. And that's why they are property interest in the Bankruptcy Code. And that's why if you look at concentric circles, if you look at the Venn diagram, are the bankruptcy property rights inside the takings rights? Are they outside the takings rights? Are there some takings rights that are not bankruptcy? Bankruptcy is an in rem jurisdiction. How can you possibly say that the Constitution doesn't incorporate all of those rights that are adjudicated in a bankruptcy case? As to the six years you've asked for, why is it six years? That's a good question. But I didn't read A&D until 2014, April 2014. I'm not a takings lawyer. I had no idea what the takings claims are. It took a year to go through the whole record. I was involved in the bankruptcy case, 35 gigs of data, 4,000 documents from the Treasury, all that. So I was certainly aware of that. But this is a whole different issue. I wanted to make sure that this was done properly. And it seemed that without any question, under all of your case law, Cuban, Turney, Goodrich, Hopland, Ariande, all of them say there has to be a manifestation of the right of the taking. It has to be apparent. Not only does it have to be effective. Not only do you have to actually have done something. It's not just the implementation. You have to have acted upon the order. And it had to have been apparent to people who were injured. That's really the close. Nobody would possibly know what's going on until the close. The government was exerting executive privilege all through the bankruptcy case. How's anybody supposed to know when they're coerced? So, Your Honor, the question on the takings is has the government gone too far? And the question is has the government gone too far here? You're dealing with people that had no safety net. The dealers are 1%. Go into the order. The order says that the dealers got 99% of the dealers consented to the wind downs. Only 1%. So the takings case of the dealers is of the 1%. And if they have a claim, how can my clients not have a claim? They weren't a condition to the deal. The restructuring of the dealer network was always a condition to the deal. The government didn't come to the bankruptcy court and say reject these contracts. And why were they so nice to the dealers anyway? They were just rejected. These are just claims. What was so special about the dealers? I don't understand because they didn't want all these claims to come out. You had 3,000 dealers, a million dollars, at $3 billion. Now all of a sudden you're into $35 billion of claims and they have to issue 10% more stock. So there are all these calculations that are going on behind the scenes that we don't know about. And that's what the Second Circuit said in GM. It's a polycentric case. You don't know what would have happened. But one thing's for sure, this was not a judicial taking. And this was the government doing what it should not be doing. Going too far. Going to the judiciary and going for unrealizable reasons, for no reason at all. And taking the downtrodden and trampling on them. And that's not what our country's about. You don't go to a judge and say I need this as a government and then it turns out that you really don't. And you're doing it as all a ruse. And GM files a motion. You tell GM to file the motion. And you tell GM to include this in the order. And you say I'm not going to deal with you. I'm not going to finance this deal if you don't include this in the order. That's totally coercive. It's wrong. I think we need to wrap it up. I think we have the argument. That was a strange case. Thank you both. The case was taken under submission.